UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALINKA MOYE,

        Plaintiff,

        v.

RATANA JIRAITTEWANNA,

        Defendant.
_____/

No. C 08-2056 PJH

**ORDER OF DISMISSAL**

Plaintiff Malinka Moye filed this action on April 21, 2008, and also requested leave to proceed in forma pauperis ("IFP"). The court finds that the complaint must be dismissed under 28 U.S.C. § 1915 (e) for failure to state a claim.

**BACKGROUND**

Plaintiff filed this action against defendant Ratana Jiraittewanna, alleging claims under the Racketeering Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.; and also alleging a claim of perjury. The complaint alleges no facts in support of plaintiff's claims.

**DISCUSSION**

A.  Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. 28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221,

1226-27 (9th Cir. 1984 ).  A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 328- 30 (1989).  A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  <u>Guti v. INS</u>, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.  Analysis

The court finds that the complaint must be dismissed for failure to state a claim, as it states no facts in support of the RICO claim, and because plaintiff cannot state a claim for perjury in a civil action.

First, the complaint fails to state a claim under RICO.  Under 18 U.S.C. 1964(a), "[t]he district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders."  Section 1962, in turn, lists activities that are prohibited under RICO.  Plaintiff, however, fails to specify which provision of the RICO statute was violated by the defendant.

In general, RICO makes it criminal to conduct an enterprise's affairs or obtain benefits through a pattern of "racketeering activity," which is defined as behavior that violates specific federal statutes or state laws that address specified topics and bear specified penalties.  <u>Rotella v. Wood</u>, 528 U.S. 549, 552 (2000).  Section 1961 sets forth the specific " predicate acts" that may constitute "racketeering activity" for a RICO violation.  18 U.S.C. § 1961(1).

A "pattern" of racketeering activity requires "at least two acts of racketeering activity."  18 U.S.C. § 1961(5).  Predicate acts extending over a few weeks or months and threatening no future criminal activity do not demonstrate a pattern of racketeering activity.  <u>River City Markets, Inc. v. Fleming Foods West, Inc.</u>, 960 F.2d 1458, 1464 (9th Cir. 1992)

2

(citing H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989)).

The Act includes a private right of action "by which '[a]ny person injured in his business or property' by a RICO violation" may seek damages and the cost of the suit. Rotella, 528 U.S. at 552 (quoting 18 U.S.C. 1964(c)).  Thus, in order to state a claim under RICO, a plaintiff must allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendant participated, and a causal relationship between the predicate acts and the harm suffered by the plaintiff. See 18 U.S.C. §§ 1961-68, 2314, 2315; Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496-97 (1985).

The compensable harm that must be alleged is "the harm caused by predicate acts sufficiently related to constitute a pattern." Sedima, 473 U.S. at 497. The plaintiff must allege injury to his property or injury to a business or property interest of legal value to plaintiff under state law.  Diaz v. Gates, 420 F.3d 897, 899 (9th Cir. 2005).  In the present case, plaintiff pleads no facts, let alone the facts required to plead any of the required elements of cause of action under RICO.

Second, plaintiff fails to state a claim for perjury.  These is a criminal charge, which cannot be pursued in a civil action.  The dismissal of this claim is with prejudice.

## CONCLUSION

In accordance with the foregoing, the complaint is DISMISSED.  The request for leave to proceed IFP is DENIED.

The dismissal is with leave to amend.  Any amended complaint must state facts supporting the elements of a cause of action for RICO.  Any amended complaint must be filed no later than May 23, 2008.  Failure to file an amended complaint by that date will result in dismissal of the action.

**IT IS SO ORDERED.**

Dated: May 2, 2008

PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALINKA MOYE, | Case Number: CV08-02056 PJH |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| RATANA JIRAITTEWANNA, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Malinka Moye
40. 42. Parson Street
San Francisco, CA 94118

Dated: May 5, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk